MACK WILEY v. NANCY E. OLMSTED AND VICTOR OLMSTED.

(Filed 22 September, 1937.)

**Master and Servant § 11—Evidence held to show that injuries resulted from unavoidable accident and not from negligence.**

Evidence tending to show that the alleged employer suggested to plaintiff, as he was being lowered into a well he was employed in digging with block and tackle, that he take his foot out of a hook and place it on a block, and that as plaintiff did so his hand slipped on the rope he was holding and his foot slipped from the block, resulting in his fall to his injury, *is held* to show that the injuries were the result of an unavoidable accident and not caused by negligence.

APPEAL by plaintiff from *Phillips, J.,* at January Term, 1937, of CHEROKEE. Affirmed.

This is an action to recover damages for personal injuries which the plaintiff suffered while he was digging a well for the defendants in the performance of his contract with them, and which he alleged in his complaint were caused by the negligence of the defendants in failing to furnish him reasonably safe appliances for going down into the well.

In their answer the defendants denied that plaintiff's injuries were

caused by their negligence, as alleged in the complaint; they alleged that said injuries were the result of an unavoidable accident, or, at most, of the negligence of the plaintiff in failing to exercise reasonable care for his own safety, while engaged in the performance of his contract with the defendants. They further allege that at the time he was injured, as alleged in the complaint, the plaintiff was at work as an independent contractor, and that for that reason the defendants are not liable to him for damages resulting from his injuries.

At the close of the evidence for the plaintiff the defendants moved for judgment as of nonsuit. The motion was allowed, and plaintiff excepted.

From judgment dismissing the action the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*Moody & Moody and J. D. Malonee for plaintiff.*
*Gray & Christopher for defendants.*

PER CURIAM. Conceding without deciding that at the trial of this action there was evidence tending to show that at the time he was injured plaintiff was at work as an employee of the defendants, as contended by the plaintiff, and not as an independent contractor, as contended by the defendants (see *Embler v. Lumber Co.,* 167 N. C., 457, 83 S. E., 740), we are of the opinion that there was no evidence tending to show that plaintiff was injured by the negligence of the defendants, or of either of them, as contended by the plaintiff. All the evidence shows that plaintiff's injuries were the result of an unavoidable accident, for which neither of the defendants was responsible.

At the time he was injured the plaintiff was about 64 years of age. He was an experienced well-digger. He requested his helpers to lower him into the well which he was digging for the defendant by means of a block and tackle, in order that he might adjust a section of terra cotta piping which he had caused to be placed in the bottom of the well to prevent the walls of the well from falling in. While he was being lowered into the well, at the suggestion of the defendant Victor Olmsted, he took his foot out of a hook and placed it on a block. As he did this his hand, by which he was holding a rope, slipped. His foot slipped from the block, with the result that he fell to the bottom of the well, striking the terra cotta pipe. His injuries were painful, and probably permanent, but were not caused by the negligence of the defendants, or of either of them.

The judgment dismissing the action is
Affirmed.